# UNITED STATES DISTRICT COURT

### DISTRICT OF COLORADO

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 05-cr-00443-PSF-01 |
| | USM Number: 33862-013 |
| WILLARD WILLIAM MCDONOUGH | Pamela Mackey, Retained |
| | (Defendant's Attorney) |

**THE DEFENDANT:** Pleaded guilty to count one and entered an admission as to count two of the Information.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography | 03/29/05 | One |
| 18 U.S.C. § 2253(a)(1) and (a)(3) | Criminal Forfeiture | N/A | Two |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

February 27, 2006
Date of Imposition of Judgment

*s/ Phillip S. Figa*
Signature of Judge

Phillip S. Figa, U.S. District Judge
Name & Title of Judge

03/01/06
Date

DEFENDANT:  WILLARD WILLIAM MCDONOUGH
CASE NUMBER:  05-cr-00443-PSF-01                                              Judgment-Page 2 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of forty-two (42) months.

The defendant shall surrender for service of sentence at the institution designated by the United States Bureau of Prisons before noon on March 27, 2006.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

DEFENDANT: WILLARD WILLIAM MCDONOUGH
CASE NUMBER: 05-cr-00443-PSF-01                                                                Judgment-Page 3 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The drug testing condition required by 18 U.S.C. § 3583(d) is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

DEFENDANT: WILLARD WILLIAM MCDONOUGH
CASE NUMBER: 05-cr-00443-PSF-01                                                                  Judgment-Page 4 of 8

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until he is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.
2) The defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer. The defendant will be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency. The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.
3) The defendant shall notify the probation officer of all computer and/or other Internet access devices to which the defendant has access. The defendant shall allow the probation officer to make unannounced examinations of the data stored on the defendant's personal computer(s) and other Internet devices, and collected by such system(s) at any reasonable time and copy data which the probation officer believes may be evidence of a law violation or a technical violation of a condition of supervision.
4) The defendant shall have no contact with minors under the age of 18 (with the exception of his stepchildren), without prior approval of the Court.
5) The defendant shall abstain from the use of alcohol and shall comply with alcohol testing as directed by the probation officer.

DEFENDANT: WILLARD WILLIAM MCDONOUGH
CASE NUMBER: 05-cr-00443-PSF-01                                                                 Judgment-Page 5 of 8

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $25,000.00 | $0.00 |
| **TOTALS** | $100.00 | $25,000.00 | $0.00 |

Interest on the fine will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

DEFENDANT:  WILLARD WILLIAM MCDONOUGH
CASE NUMBER:  05-cr-00443-PSF-01                                                               Judgment-Page 6 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The $100.00 special assessment fee is due in full immediately.  The fine shall be paid in equal monthly installments during the term of supervised release.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) fine principal.

DEFENDANT:  WILLARD WILLIAM MCDONOUGH
CASE NUMBER:  05-cr-00443-PSF-01                                                              Judgment-Page 7 of 8

# STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications but with these changes:**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory.  The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

**Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level or specific offense characteristics):  The enhancement at § 2G2.2(b)(7)(A) is not applicable, because the government concedes that the offense involved fewer than 10 images of child pornography.

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level:  26

Criminal History Category:  I

Imprisonment Range:  63 to 78 months

Supervised Release Range:  2 to 3 years

Fine Range:  $12,500 to $125,000

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution:  None.

**DEPARTURE**

The sentence departs <u>below the advisory guideline range</u> for the following reasons:

**Pursuant to Motion Not Addressed in a Plea Agreement**

Pursuant to a defense motion based on the below reason for departure to which the government has objected.

**Reason(s) for Departure**

Pursuant to §5K2.0, the Court departs downward by 4 levels, to reflect the following mitigating factors: the length of time until the defendant's first criminal offense; his advanced age; his extremely low likelihood of recidivism; and his intense shame and

DEFENDANT:  WILLARD WILLIAM MCDONOUGH
CASE NUMBER:  05-cr-00443-PSF-01                                                          Judgment-Page 8 of 8

       remorse.  Such a departure results in total offense level 22 and an advisory guideline
       range of 41 to 51 months.

       The court concludes that this statement of reasons for imposing a sentence in a criminal case is presumptively a matter of public interest and scrutiny.  *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence.  It provides information to criminal justice researchers.")  No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record.  Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be entered and filed by the clerk as part of the judgment.